# EXHIBIT 1

# EXHIBIT 1

SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims (the "Agreement") is made and entered into this ____ day of October, 2010 (the "Execution Date") by and among **Paradise Valley United Methodist Church ("PVUMC")** and **Theodore Quinlan ("Quinlan")**. The signers of this Agreement are also referred to herein, each individually, as a "Party," and collectively, as the "Parties."

RECITALS

WHEREAS, Quinlan was employed at PVUMC as its Facilities Manager from approximately June 2007 until April 2010;

WHEREAS, a dispute arose between Quinlan and PVUMC regarding whether Quinlan was entitled to overtime wages pursuant to the Fair Labor Standards Act;

WHEREAS, Quinlan initiated the lawsuit captioned *Theodore Quinlan, an unmarried man v. Paradise Valley United Methodist Church*, Maricopa County Superior Court case number CV-2010052975, on or about July 23, 2010 which was removed and re-captioned as *Theodore Quinlan, an unmarried man v. Paradise Valley United Methodist Church*, U.S. District Court for the District of Arizona, case number CV-10-01826-PHX-NVW (the "Lawsuit"); and

WHEREAS, PVUMC and Quinlan have agreed to resolve their disputes, differences and other claims on the terms set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and covenants contained herein, the Parties agree as follows:

1. Recitals; Effective Date. The recitals set forth above are true, accurate, and correct, and are incorporated in this Agreement by this reference and made a material part of this Agreement. This Agreement shall become effective after the Court approves this Agreement and after the seven-day revocation period passes, without revocation (the "Effective Date").

2. Consideration.

(a) In consideration of the covenants, promises, and understandings reached by the Parties to this Agreement, PVUMC will pay, the total sum of Thirty Six Thousand and 00/100 Dollars ($36,301.00) within 7 days after the Effective Date, paid in three checks (the "Settlement Checks"), the first check, which shall be for settlement of claimed lost wages, will be made payable to "Theodore Quinlan" in the gross amount of Thirteen Thousand and 00/100 Dollars ($13,000.00), from which all standard withholdings and taxes shall be deducted; the second check will be made payable to "Theodore Quinlan" in the lump sum amount of Thirteen Thousand and 00/100 Dollars ($13,000.00) for liquidated damages from which standard withholdings and taxes shall not be deducted; and the third check will be made payable to "Matheson & Matheson, PLC" in the lump sum amount of Ten Thousand Three Hundred One and 00/100 Dollars ($10,301.00) for legal fees and costs. PVUMC shall deliver the Settlement Checks per the terms set forth above, to Quinlan, in care of his attorney, Michelle Matheson. PVUMC, shall issue a Form W-2 to Quinlan to report the amount of the first check and Form 1099s to Quinlan and to Matheson & Matheson, PLC to report the amount of other checks.

(b) Quinlan agrees that PVUMC and the Released Parties (as defined below in Paragraph 5) shall not be liable for any tax obligations he and/or Matheson & Matheson, PLC may incur with respect to any payment under this Agreement, and he agrees to hold PVUMC and the Released Parties harmless therefrom. He further agrees to defend, indemnify, protect, and hold harmless PVUMC and the Released Parties from any efforts by any governmental authority that may seek to collect from PVUMC or the Released Parties any taxes related to any payment made pursuant to this Agreement.

In the event that any governmental authority seeks to collect any taxes related to any payment made pursuant to this Agreement from PVUMC or the Released Parties, Quinlan will be notified immediately, in writing, through Quinlan's counsel:

> Michelle R. Matheson, Esq.
> Matheson & Matheson, P.L.C.
> 14358 N. Frank Lloyd Wright Blvd., Suite 11
> Scottsdale, AZ 85260
> (480) 889-8952 (fax)
> (480) 889-8953 (direct)
> mmatheson@mathesonlegal.com

3. **Mediation Costs.** The parties agree that as part of the Settlement, PVUMC will pay the entire costs of the mediation. To the extent Matheson & Matheson has paid any of Littler Mendelson's invoice, it is covered by the payment in Section 2 to Matheson & Matheson. Notwithstanding this payment, to the extent that any attorneys' fees and costs are incurred after September 16, 2010, each Party will bear their own costs and attorneys' fees in connection with all matters related to the Complaint and the settlement of this matter.

4. **Adequate Consideration.** The Parties acknowledge and agree that the consideration set forth in this Agreement, including Paragraphs 2, 3, and 6 is adequate consideration for the releases set forth in Paragraph 5 herein and all other promises, covenants, and agreements made by the Parties in this Agreement.

5. **Release of Claims.** Quinlan hereby acknowledge and agree that payment by PVUMC of the Settlement Checks shall fully, finally, and forever resolve all known and unknown claims they have or may have against PVUMC, the Desert Southwest Conference of the United Methodist Church and their parent bodies or conferences, and each of their respective officers, trustees, insurers, directors, members, employees, agents, affiliates, attorneys, successors and assigns (collectively, the "Released Persons"), arising from any event or omission occurring from the beginning of time to the date of this Agreement. Quinlan hereby fully releases PVUMC and the Released Persons from all claims of any sort whatsoever, both legal and equitable, in tort and in contract, against each and all of them, including, but not limited to, any and all claims under the following laws as amended: Title VII of the Civil Rights Act of 1964; Section 1981; the Americans with Disabilities Act; the Fair Labor Standards Act; ERISA; COBRA; the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621-634); the Older Workers' Benefit Protection Act; Arizona Civil Rights Acts, Arizona Wage Payment Act, Arizona Employment Protection Act, state and local civil rights laws; the National Labor Relations Act; and any other provision or theory of law, whether statutory or under the common law, including, but not limited to, all claims arising out of or incident to Quinlan's employment

with PVUMC and his separation therefrom. With full understanding of the rights afforded under these laws, Quinlan agrees not to file any lawsuit against PVUMC or any of the Released Persons, based upon any alleged violation of these laws or based on any other theory of law, and waive all rights to assert a claim for relief under these laws or under any other theory of law, including, but not limited to, wages, back pay, front pay, attorneys' fees, damages, interest, or injunctive relief, which could be assessed by any federal, state or local court, any administrative agency, or any other forum of competent jurisdiction. Quinlan acknowledges and agrees that the Settlement Checks are consideration in addition to anything of value to which he is otherwise entitled.

6. <u>Dismissal of Complaint With Prejudice and Court Approval of Settlement</u>. Quinlan shall tender, through his counsel, to PVUMC, and PVUMC shall ensure the full execution of same and file a signed Stipulation for Dismissal with Prejudice of the Complaint, in the form set forth in **Exhibit A** hereto. In addition, the Parties agree that the Settlement Agreement will be submitted to the Court for approval. The Parties further agree that this Agreement is expressly conditioned upon the Court's approval and it will not become effective until the Court grants its approval and the seven-day revocation period passes without revocation.

7. <u>No Other Pending Claims; No Claims Transferred</u>. Quinlan represents and warrants that there are no other claims, charges, lawsuits, or any similar matters of any kind filed by him, on his behalf, or for his benefit presently pending against PVUMC or any of the Released Parties, in any forum whatsoever, including, without limitation, in any Arizona state court or in the United States District Court for the District of Arizona, or before any federal or state administrative agency, board, or governing body.

8. <u>Preclusive Effect of Agreement</u>. The Parties understand and agree that this Agreement may be pled as a complete bar to any action or suit before any court or administrative body with respect to any lawsuit, complaint, or claim under federal, state, local, or other law relating to any of the possible claims set forth in Paragraph 5 that existed or may have existed against the Released Parties or any of them, arising out of any event occurring from the beginning of time through the Effective Date of this Agreement.

9. <u>Non-Disparagement</u>. Quinlan agrees that he will not disparage the Released Parties, and he will not publicize or publish this Agreement or the consideration conveyed to him any medium, including, but not limited to, webpage, e-mail, blog, social media site, letters or oral discussions. Likewise, PVUMC will not disparage Quinlan. If asked about this litigation, each Party will respond that it has been settled.

10. <u>Covenant Not to Reapply</u>. Quinlan agrees and covenants that he will not reapply for any position as an employee or independent contractor with PVUMC in the future, and he expressly waives and releases PVUMC from any and all possible or potential liability associated with the refusal to consider or refusal to hire him for any position in the future.

11. <u>Non-Admission</u>. Quinlan acknowledges and understands that PVUMC's decision to enter into this Agreement does not constitute an admission by PVUMC that it acted wrongfully or improperly in any manner. PVUMC specifically denies that it is liable to Quinlan in any respect whatsoever.

    12.    <u>Knowing and Voluntary; Waiver of ADEA Rights</u>. The Parties acknowledge that they have been afforded full and adequate opportunity to consult with counsel of their choosing prior to executing this Agreement, and that they have either done so, or have foregone that opportunity of their own free will and volition. The Parties have executed this Agreement with full understanding of each term in this Agreement. Quinlan further represents and agrees that he is waiving his rights under the Age Discrimination in Employment Act as amended and that:

    a.    This Agreement does not waive rights or claims that may arise after the date the waiver is executed;

    b.    This Agreement waives rights or claims only in exchange for consideration in addition to anything of value to which he is entitled;

    c.    He has been advised in writing to retain counsel, and he has in fact retained counsel, to advise him before executing this Agreement;

    d.    He has been given a period of 21 days to consider this Agreement, and that, if he signs this Agreement before the 21-day period has passed, he has waived the time period to consider it;

    e.    He has 7 days after signing this Agreement to revoke it;

    f.    To revoke this Agreement he must provide written notice to John F. Lomax, Jr. via email at lomaxj@gtlaw.com within 7 days of his signature; and

    g.    This Agreement will not become effective until i) the 7-day period has passed without a revocation; and ii) the Court approves this Agreement.

    13.    <u>Amendment</u>. This Agreement shall be binding upon the Parties and may not be amended, supplemented, changed, or modified in any manner, orally or otherwise, except by an instrument in writing of concurrent or subsequent date signed by all of the Parties to this Agreement.

    14.    <u>Entire Agreement</u>. This Agreement contains and constitutes the entire understanding and agreement among the Parties hereto with respect to the subject matter hereof, and all prior negotiations, agreements, discussions, promises, and understandings are merged in this Agreement. This Agreement hereby supersedes any prior agreements, representations, promises, and understandings.

    15.    <u>Choice of Law</u>. This Agreement shall be governed by the laws of the State of Arizona, without regard to the conflicts of laws principles thereof.

    16.    <u>Counterparts/Facsimile Signatures</u>. This Agreement may be signed in original or by facsimile in counterparts. Each counterpart shall be deemed an original and, taken together, the counterparts shall constitute one and the same Agreement, which shall be binding and effective. Facsimile and/or signatures in .pdf format shall be sufficient and fully binding.

    17.    <u>Severability</u>. Should any provision in this Agreement be declared or determined by a court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall

not be affected, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

      18.    Waiver.  The failure of a Party to insist upon strict adherence to any obligation of this Agreement shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.  Any waiver of any provision of this Agreement must be in a written instrument signed and delivered by the Party waiving the provision.

      19.    Section Headings.  The section headings in this Agreement are for convenience only; they form no part of this Agreement and shall not affect its interpretation.

      20.    Construction.  The Parties hereto acknowledge and agree that each Party has participated or had the opportunity to participate in the drafting of this Agreement, that each Party has had the opportunity to have this document reviewed by the respective legal counsel for the Parties hereto, and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be applied to the interpretation of this Agreement.  No inference in favor of, or against, any Party shall be drawn from the fact that one Party has drafted any portion hereof.

      21.    Successors and Assigns.  This Agreement shall be binding upon and inure to the benefit of, as applicable, the Parties' respective successors, assigns, heirs, estates, and representatives.

| **Theodore Quinlan** | **Paradise Valley United Methodist Church** |
|---|---|
| Dated: _____ | By: _____<br>Its: _____<br>Dated: _____ |

APPROVED AS TO FORM:

MATHESON & MATHESON, P.L.C.

By: _____
    Michelle R. Matheson, Esq.
    Attorneys for Quinlan